IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Nos. 03-169 and |
| | ) | 04-329 |
| VIKRAM YAMBA | ) | |

## OPINION

DIAMOND, D.J.

Presently before the court is petitioner Vikram Yamba's ("Yamba") Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence (the "§2255 Motion") (Document No. 202 at Criminal No. 03-169 and Document No. 129 at Criminal No. 04-329), and the government's Response thereto (Document Nos. 205 and 133, respectively). For the reasons set forth below, Yamba's §2255 motion will be dismissed.

### I. Background

On June 18, 2003, Yamba was charged at Criminal No. 03-169 with passing counterfeit currency, in violation of 18 U.S.C. §472. Yamba changed his plea to guilty and was sentenced by this member of the court on July 21, 2004, to a five-year term of probation.

After Yamba violated the terms of his probation, this court revoked his probation on February 14, 2005, and sentenced him to a term of 10 months imprisonment followed by a 3-year term of supervised release under the same conditions that originally applied. Yamba was released from prison on December 8, 2005, and his term of supervision began.

On January 31, 2006, Yamba was convicted following a non-jury trial of seven counts of wire fraud at Criminal No. 04-329, a case which was assigned to Judge Thomas Hardiman at that time. On April 28, 2006, Judge Hardiman sentenced Yamba to 18 months imprisonment at each count to be served concurrently followed by a 3-year term of supervised release at each count to run concurrently, and granted Yamba's motion for bond pending appeal.

On May 7, 2007, the probation office filed a supervised release violation petition at Criminal No. 03-169, alleging that Yamba violated the terms of his supervision by possessing a firearm, committing numerous crimes in violation of Pennsylvania law and testing positive for controlled substance use. Following a hearing held on May 17, 2007, this court revoked Yamba's supervised release at Criminal No. 03-169 and sentenced him to a term of 24 months imprisonment to run consecutive to the 18-month term of imprisonment imposed by Judge Hardiman at Criminal No. 04-329. Following release from imprisonment, Yamba was to be placed on supervised release for 12 months upon the same conditions originally imposed. The court also revoked Yamba's bond pending appeal at Criminal No. 04-329.

Subsequently, the United States Court of Appeals for the Third Circuit issued a precedential opinion on November 14, 2007, affirming Yamba's conviction at Criminal No. 04-329. See United States v. Yamba, 506 F.3d 251 (3d Cir. 2007). The United States Supreme Court denied Yamba's petition for a writ of certiorari on December 3, 2007. See Yamba v. United States, 552 U.S. 1071 (2007).

After Yamba was released from incarceration, his term of supervised release began on November 7, 2011. On January 25, 2012, the probation office filed a petition at both criminal cases alleging that Yamba violated his supervised release based on numerous charges that he committed violations of Pennsylvania law. On July 20, 2012, the probation office filed a supplemental

supervised release violation petition, alleging that Yamba committed additional violations of Pennsylvania law.

After Yamba was arrested, a supervised release violation hearing originally was scheduled on August 8, 2012, but was continued numerous times at the parties' request so that Yamba's state court matters could be resolved. The supervised release violation hearing eventually commenced on December 12, 2012, but was continued again to permit government counsel to file another supplement alleging that Yamba had further violated his supervised release by committing additional state crimes.

Following a violation hearing held on April 16, 2013, the court revoked Yamba's supervised release at both cases and sentenced him to a total term of 144 months imprisonment, consisting of 24 months imprisonment at each of Counts One through Six at Criminal No. 04-329 to be served consecutively,[1] and 24 months imprisonment at Criminal No. 03-169 to run concurrently with the term imposed at Criminal No. 04-329, with no supervision to follow at either case.[2]

In both cases, Yamba filed an appeal of the sentence imposed by this court for his supervised release violation. On January 8, 2015, the Third Circuit affirmed the judgment of

---

[1] The sentence was consistent with the holding of United States v. Dees, 467 F.3d 847, 851-52 (3d Cir. 2006), in which the Third Circuit ruled that the district court has authority to impose consecutive terms of imprisonment upon revocation of supervised release, even when the sentences for the underlying crimes ran concurrently. Yamba was convicted of seven counts of wire fraud at Criminal No. 04-329 and each count was subject to a statutory term of 24 months imprisonment upon revocation of supervised release, which properly could be imposed to run consecutively under the authority of Dees. At Criminal No. 04-329, this court imposed 24 months imprisonment at each of Counts One through Six to run consecutively, for a total term of 144 months imprisonment. The court imposed no penalty at Count Seven.

[2] The court ordered that the total term of 144 months imprisonment imposed upon revocation of Yamba's supervised release was to run concurrently with any state sentence or sentences he currently was serving for parole violations and/or Commonwealth of Pennsylvania convictions for violating Pennsylvania law, as well as any penalties that may be imposed in the future in connection with his violations to the date of the sentence of his current Pennsylvania parole or probation. See Memorandum Order dated April 16, 2013 (Document No. 187 at Criminal No. 03-169 and Document No. 118 at Criminal No. 04-329).

AO 72
(Rev. 8/82)

sentence. See United States v. Yamba, 596 Fed. Appx. 46 (3d Cir. 2015). The Supreme Court denied Yamba's petition for a writ of certiorari on February 23, 2015. See Yamba v. United States, 135 S.Ct. 1469 (2015).

On January 5, 2016, Yamba filed a §2255 Motion in both criminal cases,[3] stating that he "seeks relief from his judgment and sentence in case number 04-329 because they were imposed as a result of a violation of his constitutional right to effective assistance of counsel." See defendant's Memorandum of Law in Support of §2255 motion (Document No. 203 at Criminal No. 03-169 and Document No. 130 at Criminal No. 04-329). According to Yamba, Attorney Adam Cogan, who was his trial counsel, was ineffective for advising him that there would be no difference in his sentence if he accepted the government's plea offer or proceeded to a non-jury trial to preserve the right to appeal the denial of his suppression motion in Criminal No. 04-329.

For reasons we explain below, Yamba is not entitled to relief under §2255 because his motion is untimely. Even if Yamba's motion had been timely filed, his claim of ineffective assistance of counsel is without merit.[4]

---

[3] Under 28 U.S.C. §2255, a federal prisoner may move to vacate, set aside or correct his sentence. Yamba is not currently incarcerated in a federal institution, but rather is confined at SCI Somerset in the State of Pennsylvania. See defendant's §2255 Motion at 1. A prisoner is in custody for §2255 purposes when he is incarcerated in either federal or state prison, provided that a federal court has sentenced him. See Ospina v. United States, 386 F.3d 750, 752 (6th Cir. 2004). Thus, a prisoner may attack a federal sentence which is scheduled to be served in the future even when he currently is in state custody. See Holleman v. United States, 721 F.2d 1136, 1138 (7th Cir. 1983); United States v. Diggs, 1993 WL 140740, *1 (E.D. Pa. May 4, 1993). Based on this authority, Yamba meets the federal custody requirement.

[4] Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record conclusively negates the factual predicates asserted in support of a §2255 motion, and if the petitioner would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, the court does not abuse its discretion by electing not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. In this case, the court finds no need for an evidentiary hearing as the record affirmatively establishes that Yamba is not entitled to relief as a matter of law.

## II. Yamba's §2255 motion is untimely

To be clear, Yamba does not claim that Attorney Cogan was ineffective in representing him at the most recent supervised release violation proceedings, which resulted in this court revoking supervision and sentencing Yamba to a total term of 144 months imprisonment. Rather, Yamba claims that Attorney Cogan was ineffective by purportedly advising Yamba in the underlying case at Criminal No. 04-329 to proceed with a non-jury trial in January 2006, in order to preserve the right to appeal the denial of his suppression motion instead of accepting the government's proposed plea offer. As stated, following the non-jury trial, Yamba was convicted of seven counts of wire fraud and sentenced to concurrent terms of 18 months imprisonment and three years supervised release. The Third Circuit subsequently affirmed the district court's denial of his suppression motion, and the Supreme Court denied Yamba's petition for a writ of certiorari on December 3, 2007.

Section 2255 motions are subject to a one-year period of limitation established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999). Generally, the limitation period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. §2255(f)(1).

Where, as here, a petition for a writ of certiorari is filed with the Supreme Court and denied, the conviction becomes final on the date of the denial. Clay v. United States, 537 U.S. 522, 527 (2003). In this case, the Supreme Court denied the petition on December 3, 2007, and Yamba filed his §2255 motion on January 5, 2016. Consequently, Yamba's motion is untimely because it was filed over eight years after his conviction became final. See United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) ("The first day of the 1-year limitation period is the day after the Supreme Court denies certiorari, giving defendants until the close of business on the anniversary

date of the certiorari denial to file their habeas motion.").

Yamba argues, however, that his motion is timely under 28 U.S.C. §2255(f)(4), which gives a petitioner the benefit of a later starting date of the limitations period only if vital facts could not have been known by the date that his conviction became final.[5] According to Yamba, his claim could not have been discovered prior to his latest supervised release violation hearing when he was sentenced to a total term of 144 months imprisonment. Yamba contends it was only then that he realized Attorney Cogan gave him "misadvise" when he advised Yamba to proceed with a non-jury trial instead of accepting a plea offer.[6] Yamba has cited no legal authority for the proposition that his motion is timely under such a theory.

As discussed, Yamba does not allege that Attorney Cogan was ineffective in representing him at the latest violation hearing. Rather, Yamba's claim of ineffective assistance of counsel relates to advice he purportedly received from Attorney Cogan in January 2006, to proceed with a non-jury trial instead of pleading guilty. In essence, Yamba claims he did not recognize the legal significance of Attorney Cogan's purported advice to proceed with a non-jury trial until he was sentenced for violating his supervised release. However, under 28 U.S.C. §2255(f)(4), the limitations period begins when the petitioner knows, or, through the exercise of diligence, could discover, the important facts, not when the petitioner recognizes their legal significance. See Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir.2004) (addressing 28 U.S.C. §2244(d)(1)(D)). Here, Yamba has not identified any new facts that he discovered to support his claim, only that he just

---

[5] Section 2255(f)(4) states that the one-year limitation period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

[6] Because Yamba was convicted of all seven counts of wire fraud following the non-jury trial, this court was authorized to impose a total term of 144 months imprisonment upon revocation of supervised release in 2013. See supra, n.1.

recently realized the legal significance of proceeding to a non-jury trial instead of pleading guilty. As such, Yamba may not use §2255(f)(4) as a vehicle to extend the statute of limitations in this case. Therefore, absent a basis for equitable tolling of the limitation period, Yamba's motion is time-barred under 28 U.S.C. §2255(f).[7]

The AEDPA's limitation period is not jurisdictional and may be equitably tolled in appropriate circumstances. Holland v. Florida, 560 U.S. 631, 645 (2010) (holding that §2244(d) is subject to equitable tolling in appropriate cases); Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (the one-year limitation period for §2255 cases is subject to equitable tolling). However, the Third Circuit has cautioned that equitable tolling is a remedy which should be invoked only sparingly. See Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012).

Generally, a petitioner is entitled to equitable tolling of the AEDPA's one-year limitation period if he can show: (1) that he has been pursuing his rights diligently; and, (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 560 U.S. at 649; Munchinski v. Wilson, 694 F.3d 308, 329 (3d Cir. 2012). This conjunctive standard requires a showing of *both* elements before equitable tolling will be permitted. Sistrunk, 674 F.3d at 190.

Consistent with these principles, the Third Circuit has limited equitable tolling of §2255's limitation period to the following circumstances: (1) where the government has actively misled the petitioner; (2) where the petitioner has in some extraordinary way been prevented from asserting

---

[7] Yamba does not allege, nor can the court discern, any facts which might trigger tolling under any of the enumerated bases for statutory tolling set forth in 28 U.S.C. §§2255(f)(2)-(4). Specifically, there is nothing in the record to warrant tolling on the basis of an impediment created by governmental action in violation of the Constitution or laws of the United States; a newly recognized right made retroactive to cases on collateral review; or, new facts supporting the claim that could not have been discovered through due diligence prior to the expiration of the limitation period.

his rights; or, (3) where the petitioner timely asserted his rights mistakenly in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

In this case, Yamba has not asserted any basis for equitable tolling, and nothing in the record indicates that he is entitled to this remedy. Even if Yamba could show that he pursued his rights diligently, he is unable to establish that some extraordinary circumstance stood in his way and prevented him from timely filing his §2255 motion. There is no indication in the record that the government has actively misled Yamba or that he timely asserted his rights mistakenly in the wrong forum. Further, there is no basis to conclude that Yamba has in some extraordinary way been prevented from asserting his rights. Because Yamba is unable to demonstrate both due diligence and "extraordinary circumstances," he is not entitled to equitable tolling of the AEDPA's one-year limitation period.

In sum, this court finds that Yamba's §2255 motion is untimely and there is no basis for either statutory or equitable tolling of the applicable one-year limitation period, thus the motion must be dismissed. Nonetheless, even if Yamba's §2255 motion had been timely filed, his claim of ineffective assistance of counsel lacks merit.

### III. Even assuming Yamba's motion had been timely filed, he is not entitled to §2255 relief

A federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." 28 U.S.C. §2255(a). As a collateral challenge, a motion under 28 U.S.C. §2255 is reviewed much less favorably than a direct appeal of the sentence. United States v. Travillion, 759

AO 72
(Rev. 8/82)

F.3d 281, 288 (3d Cir. 2014). In general, §2255 is a vehicle to cure only jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice" or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979). In view of this standard, Yamba is not entitled to relief under §2255 because even it his motion was timely, his claim of ineffective assistance of counsel lacks merit.

In order to prevail on a claim that counsel rendered constitutionally ineffective assistance a petitioner must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must establish both prongs of the inquiry, for "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700.

The first prong requires the petitioner to demonstrate that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The deficiency prong requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. Id. at 688. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. at 689. The assessment of counsel's performance must be made without using the benefit of hindsight to second-guess tactical decisions made by an attorney unless they are unreasonable. Id. at 690. In sum, a petitioner has the burden of overcoming the strong presumption that counsel was effective. Id. at 689.

If deficient performance is established, the second prong of the Strickland analysis requires a showing that counsel's deficient performance prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To satisfy this test, a petitioner must demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694. The assessment cannot be based upon generalities but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [finding] of guilt." Flamer v. State of Delaware, 68 F.3d 710, 729 (3d Cir. 1995) (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

Yamba contends that Attorney Cogan was ineffective for purportedly advising him to proceed with a non-jury trial to preserve the right to appeal the denial of his suppression motion rather than accepting a plea agreement to one of seven counts in the indictment at Criminal No. 04-329, which would have resulted in the waiver of his appellate rights. Yamba has not satisfied the first prong of the Strickland test because he has not demonstrated that Attorney Cogan's advice to proceed with a non-jury trial to preserve his appellate rights on the suppression issue was deficient.

When Attorney Cogan advised Yamba as such in 2006, the suppression issue was a novel one with a reasonable likelihood of success as demonstrated by the fact that the district court, without objection from the government, granted Yamba's motion for bond pending appeal. Although the Third Circuit ultimately affirmed the district court's ruling on the suppression issue, it did so in a precedential opinion,[8] which further demonstrates that Attorney Cogan's advice to proceed with a non-jury trial in order to preserve the issue for appeal did not fall below an objective

---

[8] On appeal, the Third Circuit "explore[d] the contours of a corollary to the 'plain view' doctrine, known as 'plain feel,' in the context of a *Terry* search" and concluded that the search at issue, during which an officer discovered marijuana in Yamba's pocket which then led to the discovery of slips of paper resulting in his wire fraud conviction, was legal. Yamba, 506 F.3d at 253.

standard of reasonableness under the prevailing professional norms. Given these circumstances, preserving the issue for appeal was a critical aspect of Attorney Cogan's defense of Yamba, and proceeding to a non-jury trial was the only method to preserve Yamba's appellate rights. Accordingly, Attorney Cogan's advice to proceed with a non-jury trial was not unreasonable, and Yamba cannot demonstrate deficient performance. For that reason, his claim of ineffective assistance of counsel lacks merit.

**IV.    Conclusion**

For the foregoing reasons, Yamba's §2255 motion is untimely and must be dismissed. Even if Yamba's motion had been timely filed, his claim of ineffective assistance of counsel lacks merit, and he would not be entitled to any relief under §2255.

According to Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit, when a final order denying a motion under §2255 is entered, the district court must determine whether a certificate of appealability should issue. Congress has mandated that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). As the foregoing makes clear, Yamba's §2255 motion is time barred, and further does not identify any basis which could support a substantial showing of the denial of a constitutional right, thus a certificate of appealability will not be issued in this case.

An appropriate order will follow.

_/s/ Gustave Diamond_
Gustave Diamond
United States District Judge

Date: _January 17, 2017_

cc: Brendan T. Conway
Assistant U.S. Attorney

Matthew R. McLain, Esq.
Brownstone, P.A.
201 N New York Avenue
Suite 200
Winter Park, FL 32789